# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THE UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**DEMETRIO FLORES III,**

    **Defendant.**

Case No. 1:19-CR-271

Hon. Hala Y. Jarbou
U.S. District Court Judge

## DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO ADMIT IMPEACHMENT EVIDENCE

Based on the testimony of government witness Victoria Ortiz, Mr. Flores has moved the Court to admit impeachment evidence under Federal Rule of Evidence 613(b). In support of this motion, he now offers this memorandum of law.

### *Background Regarding Testimony and Prior Statements*

On May 4, 2021, while testifying for the government in this matter, Victoria Ortiz denied multiple statements she had made to law-enforcement officers before these proceedings. Specifically, she denied telling Task Force Officer Augustin Calderon and Holland Police Department/Department of Public Safety Officer Jennifer Hahn that "she did not have any knowledge that Flores was in possession of a firearm." When making her statements to TFO Calderon, Ortiz had been "adamant that she did not know the firearm was in the vehicle."

This quoted material comes from TFO Calderon's Report of Investigation, provided to the defense in the government's discovery. That report also affirms that Ortiz told TFO Calderon that she had "seen Casillas with a firearm once before," and that Ortiz "didn't know" whether "the firearm she saw Casillas with was the same one found by Flores' feet" in the car. TFO Calderon interviewed Ortiz on February 11, 2019.

When Holland Department of Public Safety Officer Jennifer Hahn interviewed Ortiz on January 24, 2019 (the date on which officers encountered Ortiz, Casillas, and Flores in the car), Ortiz said she knew "nothing about a gun." Officer Hahn recorded Ortiz's statements in a Holland Department of Public Safety Case Report, provided to the defense in the government's discovery.

### *Legal Discussion*

Mr. Flores now seeks to present the testimony of Officers Calderon and Hahn, under Federal Rule of Evidence 613, and portions of the relevant investigation reports, through the officers' reading of those reports. Rule 613(b), of course, provides that extrinsic evidence of a witness's prior inconsistent statement is admissible when the witness is given an opportunity to explain or deny the statement (and the adverse party is given an opportunity to examine the witness about it), "or if justice so requires." As the court found in *United States v. Meza*, 701 F.3d 411, 425 (5th Cir. 2012), a trial court does not abuse its discretion when it allows a party to impeach a witness under Rule 613(b) by admitting the witness's prior statement (along with a limiting instruction).

The *Meza* decision involves a very similar fact pattern to the one at hand. In that case, a government witness had told investigators that he had sold a gun to the defendant. *Id.* at 425. At trial, however, this witness changed his story and testified that he had not sold the gun to the defendant. *Id.* He said he had lied earlier out of fear and confusion. *Id.* The government then offered an audio recording of the witness's original statements to officers, the ones incriminating the defendant; the defense objected, but the trial court allowed admission of the recordings and the Fifth Circuit upheld that decision. *See id.* at 425-26. With regard to application of Rule 613 and admission of prior inconsistent statements, the *Meza* court emphasized: "Whether flatly denied or convincingly explained, the inconsistency can stay inconsistent" and the prior statement is thus admissible. *See id.* at 426.

Here, Ortiz's credibility presents a significant issue. She is the only witness who will say they saw Mr. Flores holding the gun in question or any gun. On multiple occasions, she denied any knowledge of a gun at all and denied knowing about a gun in the vehicle. The defense should be given the opportunity to impeach her, as provided for under the rules.

The Government is assisting the Defendant in arranging for the appearance of both witnesses and the Marshal's Service is working to serve the subpoenas that the Court approved today. Defendant expects the witnesses to be available if the Court grants this motion.

## *Conclusion*

Mr. Flores now asks the Court to allow him to present this impeachment evidence.

Date: May 5, 2021                    **SCOTT GRAHAM PLLC**

By: /s/ Scott Graham
    Scott Graham
    Attorney for Defendant
Business Address:
    1911 West Centre Avenue, Suite C
    Portage, Michigan 49024
    (269) 327.0585